IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| Jessica Allen, individually and on behalf of the Heirs at Law of Lacey Higdem,<br><br>Plaintiff,<br><br>v.<br><br>Myles Brunelle, in his individual capacity; April Azure, in her individual capacity; Rolette County; Roy Cordy, MD; and Presentation Medical Center,<br><br>Defendants. | Civil No. 3:22-CV-00093-PDW-ARS<br><br>**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS MYLES BRUNELLE, APRIL AZURE, AND ROLETTE COUNTY'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND TESTIMONY RE: ALFORD PLEAS AND ASSOCIATED CRIMINAL CONVICTIONS** |

\*\*\*          \*\*\*          \*\*\*

Defendants Myles Brunelle, in his individual capacity, April Azure, in her individual capacity, and Rolette County (collectively "County Defendants") submit this reply memorandum in support of their motion in limine to exclude evidence and testimony re: *Alford* pleas and associated criminal convictions.

In her Response,[1] Allen argues that within the Eighth Circuit, *Alford* pleas are functionally indistinguishable from other types of guilty pleas. Doc. 102 at p. 6. However, there is good reason to treat *Alford* pleas differently during subsequent civil trials, as they include no admission of guilt, unlike other types of guilty pleas. As explained by Minnesota Supreme Court in affirming exclusion of an *Alford* plea in a subsequent civil trial:

> The question presented by this case is whether the district court abused its discretion when it excluded evidence of an *Alford* plea entered during a previous criminal

---

[1] Plaintiff's Memorandum in Opposition to County Defendants' Motion in Limine to Exclude Evidence and Testimony re: Alford Pleas and Associated Convictions (Doc. 102) is referred to herein as Allen's "Response."

> proceeding regarding the same course of conduct from being considered in a subsequent civil trial.
>
> . . . .
>
> The district court found that evidence of Liebsch's *Alford* plea contained little, if any, probative value. The court noted that "the only real admission by [Liebsch] is that a jury might find him guilty if [it] chose to find credible the testimony of witnesses which was never presented to [it]." A conventional guilty plea, by contrast, requires a defendant to admit the conduct to which he or she is accused of committing. . . .
>
> The district court also found that evidence of Liebsch's *Alford* plea had the capacity to "persuade by illegitimate means." *See Cermak*, 365 N.W.2d at 247 n.2. The court stated that "any mention of the *Alford* plea would be substantially more prejudicial to [Liebsch] than probative to [Doe]'s case," because Liebsch admitted only that "a jury might find him guilty," and the jury in Doe's civil case would likely fail to understand the difference between conventional and *Alford* guilty pleas.
>
> . . . .
>
> The district court noted that Liebsch's admission in the answer, like Liebsch's *Alford* plea, "[does] not constitute an admission of the underlying facts of this matter." The court therefore concluded that the admission was consistent with Liebsch's testimony, which "did still deny that he committed the acts." Importantly, Liebsch never denied that he entered an *Alford* plea. Consistent with his *Alford* plea, Leibsch only denied the facts establishing guilt. We therefore conclude that the district court acted within its discretion when it did not allow Liebsch's *Alford* plea to be admitted for impeachment purposes

*Doe 136 v. Liebsch*, 872 N.W.2d 875, 877-883 (Minn. 2015); *see also Barker v. Ameriprise Auto & Home Ins. Agency, Inc.*, 905 F. Supp. 2d 1214, 1219 (W.D. Wash. 2012) ("Acknowledgement of the existence of evidence is not an admission as to the truth of that evidence."); *Fleck v. State Farm Ins. Cos.*, No. 89-L-14-070,1990 WL 124648 at *2 (Ohio Ct. App. Aug. 24, 1990) ("Such a plea does not constitute an admission of guilty, but rather that the accused is willing to waive a trial and accept the consequences of the plea. It, however, does not act as an admission of the plea ... [t]herefore, appellant's guilty plea, by way of a qualified *Alford* plea, operates in the same fashion as a nolo contendere plea for the purposes in a subsequent civil action."). Similar to *Doe 136*, CO Brunelle and CO Azure deny the facts which form the basis of the State's former cases against them—and any

mention of an *Alford* plea would illegitimately persuade the jury against them.

In the present case, the only factual allegations contained CO Brunelle and CO Azure's Petitions to Enter Plea Alford Plea of Guilty and Waiver of Appearance indicates the State alleges they failed to adequately perform their duties as correctional officers—a fact which is easily available in other documentary and testimonial evidence in this case. The State of North Dakota ordered the pleas withdrawn and the files sealed for both CO Brunelle and CO Azure in the summer of 2024. Those withdrawn pleas should not be used against them now.

**CONCLUSION**

For the foregoing reasons, County Defendants request all evidence pertaining to the Alford Pleas of Defendants Brunelle and Azure, and the associated criminal complaints and resulting conviction orders and judgments be excluded from evidence in this case for any purpose, including in relation to dispositive motions, and at any trial in this case.

Dated this 10th day of February, 2025.

BAKKE GRINOLDS WIEDERHOLT

By: */s/ Grant T. Bakke*
    Randall J. Bakke (#03989)
    Shawn A. Grinolds (#05407)
    Grant T. Bakke (#09106)
    300 West Century Avenue
    P.O. Box 4247
    Bismarck, ND 58502-4247
    (701) 751-8188
    rbakke@bgwattorneys.com
    sgrinolds@bgwattorneys.com
    gbakke@bgwattorneys.com

    Attorneys for Defendants Myles Brunelle, in his individual capacity; April Azure, in her individual capacity; and Rolette County

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2025, a true and correct copy of the foregoing **REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS MYLES BRUNELLE, APRIL AZURE, AND ROLETTE COUNTY'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND TESTIMONY RE: ALFORD PLEAS AND ASSOCIATED CRIMINAL CONVICTIONS** was filed electronically with the Clerk of Court through ECF.

Andrew J. Noel
Marc E. Betinsky
Julie Moroney
Robins Kaplan LLP
800 LaSalle Avenue
Ste 2800
Minneapolis, MN 55402
anoel@robinskaplan.com
mbetinsky@robinskaplan.com
jmoroney@robinskaplan.com

Timothy Q. Purdon
Robins Kaplan LLP
1207 West Divide Avenue, Suite 200
Bismarck, ND 58503
tpurdon@robinskaplan.com

Megan J. Flom
Randall S. Hanson
Camrud, Maddock, Olson & Larson, LTD
PO Box 5849
Grand Forks, ND 58206-5849
mflom@camrudlaw.com
rhanson@camrudlaw.com

By: */s/ Grant T. Bakke*
      GRANT T. BAKKE