TUNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Jessica Allen, individually and on behalf of the heirs at Law of Lacey Higdem,<br><br>      Plaintiff,<br><br>vs.<br><br>Myles Brunelle, in his individual capacity; April Azure, in her individual capacity; Rolette County; Roy Cordy, MD; and Presentation Medical Center,<br><br>      Defendants. | Civil No. 3:22-CV-93 (PDW/ARS)<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO UNSEAL DOCUMENTS** |

  Plaintiff Jessica Allen, individually and on behalf of the heirs at law of Lacey Higdem, submits this memorandum in support of her Motion to Unseal Documents. Plaintiff seeks to have the Court unseal certain documents she filed with her response to the County Defendants' summary-judgment motion.[1] Those documents—videos from the control and dispatch rooms at the Rolette County Jail—are contained within Exhibits 27-48 to the Declaration of Andrew J. Noel. *See* Dkt. 111.

## BACKGROUND

  The operative protective order in this federal civil-rights action allows a party to designate a document produced in discovery as confidential and thus non-public if it contains "confidential, proprietary, or private information." Dkt. 32 at 2. On December 19, 2023, the County Defendants produced twenty-two videos from the control and

---

[1] Plaintiff uses County Defendants to refer to April Azure, Myles Brunelle, and Rolette County.

dispatch rooms at the Rolette County Jail (the "Jail") and marked them as confidential. Nearly a year later, the County Defendants moved for summary judgment. Dkt. 75. In conjunction with their summary-judgment motion, the County Defendants filed a Motion in Limine to Exclude Security Video. That motion requested that Video 2216, Video 2154, and Video 2196, along with "any other security video taken within the [Jail] control room" be excluded from evidence in this case. Dkt. 71 at 1. The County Defendants sought leave to file Video 2216, Video 2154, and Video 2196 under seal in conjunction with that motion. Dkt. 74. Asserting that N.D.C.C. § 44-02-24 required the videos to be filed under seal because they "contain information relating to system operations relating directly to the physical or electronic security of a public facility," the County Defendants claimed they had "no alternative" but to move for leave to file them under seal. Dkt. 74-1 at 2.

The Court rejected that argument and ordered the videos be conventionally filed and publicly available. The Court held that section 44-04-24 does not apply, and "no security concern or other reason warrants the videos being filed under seal." Dkt. 90 at 2.

In preparing her response to the County Defendants' summary-judgment motion, Plaintiff discovered that the control and dispatch video files had underlying audio, and she uploaded the full set of videos with accompanying audio in support of her response. *See* Dkts. 111-27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48; *see also* Dkt. 109 at 1-2, 9; Dkt. 121.

The protective order allows a party who cannot obtain agreement with the other parties to change a document's designation to move the court for an order changing the designation. Dkt. 32 at 6. On February 3, 2025, the undersigned counsel reached out to

counsel for the County Defendants, seeking agreement without the need to go to the Court that the control and dispatch videos with audio should not be designated confidential. In correspondence on February 10, 2025, counsel for the County Defendants declined to stipulate the videos should be public and not confidential. Noel Decl. Ex. 1. The County Defendants wisely abandoned their Court-rejected argument that § 44-04-24 requires the videos to be sealed. Instead, the County Defendants refused based on purported "foundation concerns" because their counsel's IT provider was unable to convert the video files and uncover the audio data itself. Since counsel for the County Defendants declined to agree the videos should be public and not confidential, Plaintiff now moves the Court for an order changing the designation.

## ARGUMENT

**I.     The County's foundation "concerns" do not warrant sealing**

The protective order allows a party to designate documents as confidential if those documents contain "confidential, proprietary, or private information." Dkt. 32. at 2. Having their only privacy-based argument already rejected by the Court, the County Defendants fall back on vague foundation concerns. But such concerns, which in no part relate to confidentiality, fail to warrant wholesale *sealing* of this evidence. The Declaration of Ruben C. Narine filed with Plaintiff's Motion for Oral Argument details the steps taken by an employee in Plaintiff's counsel's IT department. Dkt. 121. This declaration lays foundation and enables the County Defendants' IT provider to replicate the same steps. But that IT provider's inability to replicate the same steps thus far does not justify keeping the videos—evidence filed in connection with a dispositive motion—sealed. Plaintiff

3

understands why the County Defendants do not want the videos with audio to be publicly available, but grasping at trial arguments for admissibility does not justify keeping these videos from public view—now 1,713 days after Lacey died.

II.     **The public has an interest in the control and dispatch videos at issue**

The public's right of access weighs heavily against sealing this evidence. "The public has a well-established, though not absolute, right of access to court records." *Roswick v. Mid Dakota Clinic, P.C.*, No. 1:17-CV-44, 2018 WL 11512766, at *1 (D.N.D. Oct. 15, 2018 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). Whether to seal documents rests in the court's discretion, and the court must consider less restrictive options and explain any decision to seal. *Roswick*, 2018 WL 11512766, at *1 (citations omitted).

There is a material difference between information exchanged in discovery and information filed with the court in connection with a dispositive motion. While the public does not have a right to access documents the parties exchange in discovery, as soon as those documents are filed with a dispositive motion, "a qualified right of public access attaches." *Id.* (citing *IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013)). The County Defendants designated the control and dispatch videos as confidential when they produced them, asserting that the videos were confidential, proprietary, or private. But that designation, for purposes of discovery, does not provide continued support for keeping the videos under lock and key now that they have been filed—and relied upon—in connection with the County Defendants' summary-judgment motion, particularly when the Court already ruled that a portion of the videos should be unsealed.

4

The videos at issue have become central to this lawsuit after Plaintiff's belated discovery that the videos contain damning audio revealing new truths about the conduct and knowledge of Jail employees the day Lacey died and exposing the falsities of the County Defendants' positions throughout this litigation. *See generally* Dkts. 105, 109. Plaintiff's response to the summary-judgment motion had to be heavily redacted because the County Defendants designated the control and dispatch videos as confidential, *see* Dkt. 110; unsealing the videos would enable members of the public to better follow the case and the Court's decisions. *See Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002) ("[D]ispositive documents in any litigation enter the public record notwithstanding any earlier agreement. How else are observers to know what the suit is about or assess the judges' disposition of it?"). Similarly, the response to the County Defendants' Motion for Summary Judgment filed by Roy Cordy, MD, and Presentation Medical Center relied heavily on the newly discovered audio from the videos to dispute the County Defendants' presentation of the factual record. Dkt. 105.

The public inherently has a significant interest in being able to access these videos. They show the correctional officers' actions in and around the Jail's center of operations—the control and dispatch areas—the night Plaintiff's daughter, Lacey Higdem, died at the Jail. Lacey's death, and the State's decision to immediately shut down the Jail as a result of its investigation into her death, garnered attention from the media and the public. *See, e.g.*, *North Dakota Department of Corrections Orders Closure of Rolette County Jail*, KYFR (June 19, 2020) https://www.kfyrtv.com/content/news/North-Dakota-Department-of-Corrections-orders-closure-of-Rolette-County-Jail-571373951.html; *"A danger to the*

*health and safety of inmates": state documents detail temporary closure of Rolette Co. Jail*, KX News (June 23, 2020), https://www.kxnet.com/news/local-news/a-danger-to-the-health-and-safety-of-inmates-state-documents-detail-temporary-closure-of-rolette-co-jail/. The events and claims underlying this lawsuit are of interest to the public, and that interest outweighs any purported privacy concerns of the Jail—particularly because it is a public entity at the center of this federal civil-rights and wrongful death action.

More shockingly, the audio reveals *misconduct* by state actors, including elected Sheriff Nathan Gustafson—Rolette County's top law enforcement officer. There was a significant public interest in this case *before* the control-room audio was discovered, but now, that interest is overwhelming and necessitates unsealing the videos for the public to access.

The public's access to filings in a Section 1983 action, standing alone, is strong. "The purpose of enacting § 1983 was to ensure an independent federal forum for adjudication of alleged constitutional violations by state officials," thus, there is "a 'special danger' in permitting state governments to define the scope of their own privilege when the misconduct of their agents is alleged." *ACLU of Miss., Inc. v. Finch*, 638 F.2d 1336, 1343-44 (5th Cir. 1981). Section 1983 "represents a balancing feature in our governmental structure whereby individual citizens are encouraged to police those who are charged with policing us all. Thus, it is of special import that suits brought under this statute be resolved by a determination of the truth rather than by a determination that the truth shall remain hidden." *Wood v. Breier*, 54 F.R.D. 7, 11 (E.D. Wis. 1972). Given the public's interest in Section 1983 actions in general, and this litigation in particular, Plaintiff respectfully asks

the Court to order unsealed the twenty-two videos with audio from the control and dispatch rooms from the day and night that Plaintiff's daughter died.

Respectfully submitted,

Dated: February 11, 2025

**ROBINS KAPLAN LLP**

*s/Andrew J. Noel*
Andrew J. Noel (#322118)
Marc E. Betinsky (#0388414)
Julie C. Moroney (#0504300)
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone:   612.349.8500
ANoel@RobinsKaplan.com
MBetinsky@RobinsKaplan.com
JMoroney@RobinsKaplan.com

Timothy Q. Purdon (#05392)
1207 West Divide Avenue, Suite 200
Bismarck, ND 58503
TPurdon@robinskaplan.com
Telephone:    701.255.3000

*Attorneys for Plaintiff*