IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| Jessica Allen, individually and on behalf of the Heirs at Law of Lacey Higdem,<br><br>Plaintiff,<br><br>v.<br><br>Myles Brunelle, in his individual capacity; April Azure, in her individual capacity; Rolette County; Roy Cordy, MD; and Presentation Medical Center,<br><br>Defendants. | Civil No. 3:22-CV-00093-PDW-ARS<br><br>**REPLY MEMORANDUM OF LAW TO RESPONSE BRIEF OF ROY CORDY, MD, AND PRESENTATION MEDICAL CENTER** |

\*\*\*     \*\*\*     \*\*\*

County Defendants[1] submit this reply to the response brief of Roy Cordy, MD, and Presentation Medical Center (collectively "Medical Defendants") to County's motion for summary judgment (Doc. 105) ("Response"). The Court should not consider Medical Defendants' Response, as County Defendants summary judgment motion does not seek relief from any claim of Medical Defendants and Medical Defendants are not adverse to County Defendants in this lawsuit. Further, the evidence cited by Medical Defendants in opposition to County Defendants' motion is all inadmissible. Even if the Court considers the evidence discussed by Medical Defendants, the evidence does not create any genuine issue of material fact sufficient to deny County Defendants' motion. For

---

[1] Defendants Myles Brunelle ("CO Brunelle"), in his individual capacity, April Azure ("CO Azure"), in her individual capacity, and Rolette County are collectively referred to herein as "County Defendants."

these reasons and as discussed in County Defendants' other summary judgment briefing (Docs. 86 and 115), County Defendants are entitled to summary judgment.

I. **Medical Defendants Do Not Have Standing To Oppose County Defendants' Summary Judgment Motion**

As an initial matter, Medical Defendants do not have standing to oppose County Defendants' summary judgment motion and their Response should therefore be excluded by the Court in considering County Defendants' summary judgment motion. County Defendants and Medical Defendants collectively were the only named defendants in Plaintiff's original complaint. Doc. 1. There have been no parties added to or dismissed from this case at any time. None of the defendants have asserted any counterclaims against Plaintiff or crossclaims against one another.

On December 16, 2024, County Defendants moved for summary judgment dismissing "all of Plaintiff Jessica Allen's lawsuit claims against them." Doc. 75 at p. 1. In that motion, County Defendants did not request any relief relating to Medical Defendants. On January 19, 2025, Medical Defendants filed their Response. Doc. 105. Medical Defendants did not request leave of court to file their Response, and did not cite any authority supporting their entitlement to submit briefing in opposition to a summary judgment motion that did not request relief against them. Rather, Medical Defendants provided in their Response:

> The County Defendants attempt to obtain Summary Judgment by representing falsities to the Court regarding both the care provided by the medical Defendants and their supposed reliance on that care – all of which we now know to be false. As a result, we felt compelled to put forth a response to the Motion.

Doc. 105 at p. 1.

Under these circumstances, although County Defendants have been unable to find any decision within the Eighth Circuit directly on point, the weight of authority holds that Medical Defendants do not have standing to oppose County Defendants' motion for summary judgment. In

*Eckert v. City of Sacramento*, the Eastern District of California recited the following relevant procedural history of the case:

> Plaintiff Peter Eckert, who is legally blind, filed suit against the City of Sacramento (the City) in May 2007, alleging that the lack of detectable warnings at certain intersections in downtown Sacramento where railroad tracks cross the sidewalk violates the Americans with Disabilities Act (ADA) as well as provisions of the California Civil Code. On January 23, 2008, Plaintiff filed a first amended complaint that named the City and Union Pacific Railroad Company (Union Pacific) as Defendants. On July 17, 2009, Union Pacific moved for summary judgment on Plaintiff's claims. Three days later, on July 20, 2009, the City filed a motion in which it seeks leave to file an amended answer for the purpose of alleging a crossclaim against Union Pacific.

No. 2:07-cv-00825-GEB-GGH, 2009 WL 3211278, at *1 (E.D. Cal. Sept. 3, 2009) (citations to docket omitted). The district court denied the City's motion to file an amended answer based on the City's failure to show good cause and lack of diligence in requesting the amendment. *Id.* at *2. The plaintiff did not oppose Pacific Union's motion for summary judgment, but the City submitted a brief opposing summary judgment on one of the plaintiff's claims. *Id.* at *3. Union Pacific argued that the City did not have standing to oppose its summary judgment motion. *Id.*

The court reasoned that the rationale articulated in *Blonder v. Casco Inn Residential Care, Inc.* that "Requiring Plaintiff to prosecute her claims against [Defendants] . . . when she no longer believes such claims to be viable would be contrary to the principle of Rule 56 that trials . . . should be avoided when appropriate" was persuasive. *Id.* at *3 (quoting No. CIV. 99-274-P-C, 2000 WL 761895, at *1 (D. Me. May 4, 2000)). The court held that "Under the rationale of *Blonder*, since there is no crossclaim between the Defendants, Union Pacific and the City are not adverse parties and the City therefore does not have standing to oppose Union Pacific's motion for summary judgment. The City's arguments opposing Union Pacific's motion will therefore not be considered." *Eckert*, 2009 WL 3211278, at *3. Numerous other courts have also concluded only an adverse party is entitled to respond to a motion for summary judgment. *See Thurman v. Wood Group Prod. Servs., Inc.*, No. 09–

4142, 2010 WL 5207587, at *1 (E.D. La. Dec. 14, 2010) (the defendant did not file a cross-claim, so it is not a "party" to the codefendant's motion for summary judgment under Rule 56); *Fraioli v. Lemcke*, 328 F. Supp. 2d 250, 263 n.4 (D.R.I. 2004) ("[S]ince none of the defendants in this case have filed cross claims against each other, the defendants are not adverse parties who are entitled to object to each others' motions for summary judgment."); *Dixon v. County of Alameda*, No.C 95-4617-SI, 1997 WL 220311, at *6 n.8 (N.D. Cal. Apr.18, 1997) (noting that co-defendant did not have standing to oppose co-defendant's motion for summary judgment); *C.F. Bean Corp. v. Clayton Indus. Ltd.*, No. Civ. A. No. 95-0161, 1996 WL 470644, at *1 (E.D. La. Aug.19, 1996) (same); *Plasterer v. Hahn*, 103 F.R.D. 184, 185–86 (M.D. Pa. 1984) (The mere fact that plaintiff included a defendant in the lawsuit does not give the defendant a "vested interest in the presence of [another defendant] as a co-party"); *Jarrett v. Green*, 320 F. Supp. 1132, 1134 (N.D. Ga. 1970) (court "entertain[ed] some doubt whether one co-defendant has standing to object to a motion for summary judgment filed by another co-defendant").

Further, this District's Local Rules pertaining to summary judgment motions and briefs do not contemplate a non-adverse party's ability to respond to a motion for summary judgment, as they refer to the party adverse to the summary judgment motion in the singular. *See* D.N.D. Civ. L. R. 7.1(A)(1) ("Upon serving and filing a dispositive motion, the moving party must contemporaneously serve and file a memorandum in support not to exceed forty (40) pages, of which no more than twenty-five (25) pages may be argument. *The adverse party* has twenty-one (21) days after service of the memorandum in support to serve and file a response subject to the same page limitations.) (emphasis added); *see also* D.N.D. Civ. L. R. 7.1(A)(3) ("A response to a motion for summary judgment must also state the facts upon which *the party* opposing summary judgment relies and must clearly identify those facts that *the opposing party* claims are contested and that require a trial . . . . *The party* opposing

summary judgment must clearly explain in the argument portion of the response why the facts claimed to be contested are material to the issues to be resolved.") (emphasis added).

In this case, Medical Defendants never brought a crossclaim against County Defendants and the deadline to do so expired along ago. Medical Defendants have not cited any authority entitling them to submit a response to County Defendants' summary judgment motion which seeks relief only from Plaintiff's claims. As Medical Defendants are not adverse to County Defendants, their Response should not be considered by the Court in considering County Defendants' motion for summary judgment.

## II.   The Newly-Produced Audio Files Discussed by Medical Defendants are Inadmissible Hearsay

In their Response, Medical discuss numerous videos from the control and dispatch rooms at Rolette County Law Enforcement Center ("Jail"), each of which contains accompanying audio, which were filed by Plaintiff in conjunction with her brief opposing County Defendant's motion for summary judgment. Docs. 111-27 through 111-49. Medical Defendants contend that these videos constitute "competent admissible evidence." Doc. 105 at p. 12. The videos were produced during discovery, however, County Defendants were not aware of any audio accompanying the videos until they were provided to the undersigned by counsel for Allen on December 31, 2024, apparently in a converted format. Doc. 116 at ¶ 4. In her brief opposing County Defendant's motion for summary judgment, Allen explained:

> The Jail produced video from the control and dispatch rooms in December 2023. In December 2024, after the County Defendants filed their motion, Plaintiff's counsel's IT department converted these videos to an easier format for viewing because they were grainy and laggy. *See* Exs. 27-49. In doing so, Plaintiff discovered the video files have had corresponding audio the entire time, a fact previously unknown to Plaintiff, and presumably the other parties.

Doc. 109 at p. 9, n.10. In a declaration filed in conjunction with Plaintiff's brief, counselor Andrew Noel provided, "In this declaration, where I have referenced that videos were 'converted' by Plaintiff's counsel's IT department, the videos were simply changed to a different playable format so that associated audio would be able to be heard. The videos were not altered in any way." Doc. 111 at ¶ 72. The IT provider for counsel for County Defendants has attempted to independently obtain the audio from the videos originally produced in discovery, but the IT provider has been unable to do so. Doc. 116 at ¶ 5.

"At summary judgment, the requisite 'genuine dispute,' Fed. R. Civ. P. 56(a), must appear in *admissible* evidence." *Crews v. Monarch Fire Protection Dist.*, 771 F.3d 1085, 1092 (8th Cir. 2014). "Hearsay evidence is inadmissible and 'cannot be used to defeat a summary judgment motion' unless a federal statute or rule provides otherwise." *USI Insurance Services LLC v. Bentz*, No. 1:18-cv-00255, 2023 WL 5670683, at * 13 (D.N.D. Apr. 21, 2023) (quoting *Edmonds v. Minneapolis Pub. Schs. Special Sch. Dist. 1*, 368 F. Supp. 3d 1329, 1338 (D. Minn. 2018)). Rule 54 provides, "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 54(c)(4).

Here, the videos of the control room and dispatch room with audio are inadmissible hearsay. In her brief, Plaintiff asserted that "Plaintiff's counsel's IT department converted these videos," but the only declaration supporting what actions were taken was submitted by Mr. Noel, who is one of Plaintiff's attorneys, not a part of the IT department. In his declaration, Mr. Noel describes what actions the IT department took, not what actions he took, to convert the videos. These statements were clearly offered for the truth of the matter asserted, i.e. what actions the IT department took in relation

to the videos. Therefore, Mr. Noel's declaration is not based on personal knowledge, and is hearsay. *See* Fed. R. Evid. 801(c).

"When an objection is made to evidence relied on at summary judgment, the burden is on the proponent of the evidence to show that the material is admissible as presented or to explain the admissible form that is anticipated." *Horn v. Airway Services, Inc.*, No. 18-CV-3053 CJW-MAR, 2020 WL 420834, at *2 (N.D. Iowa Jan. 27, 2020) (citations omitted). The Eighth Circuit has held that when the party relying on statements at summary judgment provides only secondhand testimony instead of an affidavit of the declarant, such statements are inadmissible. *Smith v. Kilgore*, 926 F.3d 479, 485 (8th Cir. 2019). Neither Medical Defendants nor Plaintiff has shown the videos with accompanying audio that were produced only after County Defendants moved for summary judgment are admissible as evidence, nor have they explained whether any admissible form of that evidence may be offered in the future. The videos with accompanying audio (Docs. 111-27 through 111-49) are inadmissible hearsay based on secondhand testimony which should be excluded by the Court in its consideration of County Defendants' summary judgment motion.

### III. The Newly Produced Videos, Even if Considered by the Court, Do Not Create a Genuine Issue of Material Fact

Even if the Court considers the newly produced videos in determining County Defendants' motion for summary judgment—which County Defendants assert it should not—the newly produced videos do not create any genuine fact dispute. Medical Defendants contend the newly produced videos prove CO Brunelle and CO Azure (and other jail staff) knew Higdem was intoxicated on methamphetamine at all relevant times. Doc. 105 at pp. 2-3, 5-12. However, a correctional officer's knowledge that a detainee is intoxicated does not establish deliberate indifference. A detainee's intoxication does not present a substantial risk of serious harm, nor does a correctional officer knowing an inmate is intoxicated mean the correctional officer knows of or purposefully disregards

an excessive risk to a detainee's safety. The Eighth Circuit has determined "[M]ost individuals arrested on intoxication-related charges are not in obvious need of prompt medical care." *Barton v. Taber*, 820 F.3d 958, 965 (8th Cir. 2016); *see also Thompson v. King*, 730 F.3d 742, 748 (8th Cir. 2013) ("[A]n officer does not lose the protections of qualified immunity merely because he does not react to all symptoms that accompany intoxication.").

Further, Medical Defendants do not identify which facts they contend the newly produced videos proves constitutes a genuine fact issue sufficient to defeat County Defendants' motion for summary judgment. Medical Defendants simply argue the newly produced videos supposedly prove jail staff knew Higdem was high on methamphetamine while she was incarcerated at the Jail without connecting them to County Defendants' motion in any way. As such, the newly produced videos—and Medical Defendants' assertions about what they show—do not create any genuine fact dispute to defeat County Defendants' motion for summary judgment.

### IV.     Conclusion

For the foregoing reasons, County Defendants request that the Court exclude Medical Defendants' Response from its consideration of County Defendants' summary judgment motion, and that all of Allen's claims against them be dismissed with prejudice.

Dated this 12th day of February, 2025.

                    BAKKE GRINOLDS WIEDERHOLT

                    By: */s/ Grant T. Bakke*
                        Randall J. Bakke (#03989)
                        Shawn A. Grinolds (#05407)
                        Grant T. Bakke (#09106)
                        300 West Century Avenue
                        P.O. Box 4247
                        Bismarck, ND 58502-4247
                        (701) 751-8188
                        rbakke@bgwattorneys.com

                                                  sgrinolds@bgwattorneys.com
                                                  gbakke@bgwattorneys.com

                                        Attorneys for Defendants Myles Brunelle, in his individual capacity; April Azure, in her individual capacity; and Rolette County.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 12, 2025, a true and correct copy of the foregoing **REPLY MEMORANDUM OF LAW TO RESPONSE BRIEF OF ROY CORDY, MD, AND PRESENTATION MEDICAL CENTER** was filed electronically with the Clerk of Court through ECF.

    Andrew J. Noel
    Marc E. Betinsky
    Julie Moroney
    Robins Kaplan LLP
    800 LaSalle Avenue
    Ste 2800
    Minneapolis, MN 55402
    anoel@robinskaplan.com
    mbetinsky@robinskaplan.com
    jmoroney@robinskaplan.com

    Timothy Q. Purdon
    Robins Kaplan LLP
    1207 West Divide Avenue, Suite 200
    Bismarck, ND 58503
    tpurdon@robinskaplan.com

    Megan J. Flom
    Randall S. Hanson
    Camrud, Maddock, Olson & Larson, LTD
    PO Box 5849
    Grand Forks, ND 58206-5849
    mflom@camrudlaw.com
    rhanson@camrudlaw.com

                                        By: */s/ Grant T. Bakke*
                                               GRANT T. BAKKE