UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Jessica Allen, individually and on behalf of the heirs at Law of Lacey Higdem,<br><br>     Plaintiff,<br><br>vs.<br><br>Myles Brunelle, in his individual capacity; April Azure, in her individual capacity; Rolette County; Roy Cordy, MD; and Presentation Medical Center,<br><br>     Defendants. | Civil No. 3:22-CV-93 (PDW/ARS)<br><br>**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO UNSEAL DOCUMENTS** |

The County Defendants offer two reasons to keep sealed the control-room videos at issue in this motion. One is a lie, in which defense counsel, Grant Bakke, falsely accuses the undersigned of violating the Protective Order. The other is a vague, recycled "security concern," which the Court has already rejected and which is belied by documents produced in discovery. Neither argument has any merit. The motion should be granted.

ARGUMENT

**I. Correcting the record on the County Defendants' unclean-hands accusation**

Mr. Bakke brazenly asserts that the control-room videos should remain sealed because the undersigned, acting "covertly," "*publicly* uploaded every video" Plaintiff seeks to unseal, "in violation of the protective order in this case." Dkt. 130 at 6. That accusation is **demonstrably false.** Plaintiff will set the record straight here.

The County Defendants moved for summary judgment on December 16, 2024. With their motion, they moved for leave to file their brief and certain supporting documents and exhibits under seal. *See* Dkts. 74, 78. The Court granted in part and denied in part those motions – it held that the brief and certain exhibits (such as medical records and cell video showing life-saving

measures on Lacey Higdem) should be sealed, *see* Dkts. 82, 90, but it ruled that three control-room videos should not be sealed because, contrary to the County Defendants' argument, "no security concern or other reason warrants" doing so, Dkt. 90.

Plaintiff then set about preparing her summary-judgment opposition, with which she intended to submit additional control-room videos (with newly-discovered audio). Those videos were marked as confidential under the Protective Order when they were produced in discovery, and thus Plaintiff understood they needed to be filed under seal. Before doing so, undersigned counsel consulted this Court's Guide to Filing Sealed Documents & Motions ("Guide").[1] The very first paragraph of the Guide provides that "[p]arties must file a Motion for Leave to File under Seal and obtain leave of court to file a Sealed Document or a Sealed Motion, *unless the document is a responsive filing to a motion or document already filed under seal*." Guide § I(A) (emphasis added). Plaintiff understood this to mean she did not need leave of Court to file the videos under seal, as the County Defendants had filed their summary-judgment brief and certain exhibits—to which Plaintiff's additional videos were responsive—under seal. To remove any doubt, however, undersigned counsel's legal assistant contacted the Clerk's Office, which confirmed Plaintiff's interpretation of the Guide was correct. *See* Jones Decl. ¶¶ 4-5.

Thus, on January 27, 2025, Plaintiff filed a sealed version of her opposition brief (Dkt. 98); a public, redacted version of the same (Dkt. 101); a declaration from the undersigned with attached exhibits (Dkt. 99); and a redacted exhibit containing personally identifying information (Dkt. 100). The control-room videos at issue in this motion, which were attached to the undersigned's declaration, were **all filed under seal**, except for the three videos the Court had already ruled should be publicly available. The declaration makes this abundantly clear:

---

[1] Available at https://www.ndd.uscourts.gov/ecf/cm_ecf_GuideToFilingSealedDocuments.pdf

> counsel's IT department in December 2024. This exhibit is being filed under seal because Rolette County marked the video as confidential when producing it.
>
> 29. Attached hereto as **Exhibit 28** is a true and correct copy of video file 2117, produced by the County Defendants in December 2023 and converted by Plaintiff's counsel's IT department in December 2024. This exhibit is being filed under seal because Rolette County marked the video as confidential when producing it.
>
> 30. Attached hereto as **Exhibit 29** is a true and correct copy of video file 1621, produced by the County Defendants in December 2023 and converted by Plaintiff's counsel's IT department in December 2024. This exhibit is being filed under seal because Rolette County marked the video as confidential when producing it.
>
> 31. Attached hereto as **Exhibit 30** is a true and correct copy of video file 2206, produced by the County Defendants in December 2023 and converted by Plaintiff's counsel's IT department in December 2024. This exhibit is being filed under seal because Rolette County marked the video as confidential when producing it.

Dkt. 99 at 5 (highlighting added); *see also* Noel Decl. Ex. 1 (containing the entire document).

The next day, the Clerk's Office restricted these documents, noting they were filed under seal *prematurely*, without leave of Court:

> DOCKET CORRECTION re: 98 and 102 SEALED DOCUMENT. Filed without leave of court. Clerk's Office restricted access to documents. Re: 100 REDACTION. Filed without leave of court/filed prematurely. Re: 99 AFFIDAVIT and 101 and 103 REDACTION. Filed prematurely. Clerk's Office restricted access to all documents. Filer is advised to file a MOTION for Leave to File Under Seal with its proposed documents as attachments with redactions highlighted. Filer is reminded exhibits containing personally identifying information should be redacted. (sl) (Entered: 01/28/2025)

Mr. Bakke seizes on this text-entry to argue the undersigned violated the Protective Order, Dkt. 130 at 6, without recognizing what it actually states. The control-room videos were restricted by the Clerk's Office not because they were public, but because they were "prematurely" <u>filed under seal</u> without leave of Court to do so. *See* Noel Decl. Ex. 2. Though Plaintiff had understood no leave was necessary, she nevertheless then sought leave, which was granted, Dkts. 107, 108, and re-filed all the documents, <u>again under seal</u>. *See* Dkt. 109 (sealed memorandum);

3

Dkt. 110 (public, redacted memorandum); Dkt. 111 (declaration and supporting documents). Further, because videos cannot be uploaded to ECF, Plaintiff filed placeholders for the videos with both her original and subsequent filings. *See* Dkts. 99, 111. Plaintiff conventionally filed the videos by mailing physical copies on USB drives to the Court on January 31, 2025. In the description of documents filed conventionally, Plaintiff again stated that the control-room videos should be sealed:

> **UNITED STATES DISTRICT COURT**
> **DISTRICT OF NORTH DAKOTA**
>
> Jessica Allen, individually and on behalf of the Heirs at Law of Lacey Higdem,
>
> Plaintiff,
>
> vs.
>
> Myles Brunelle, in his individual capacity; April Azure, in her individual capacity; Rolette County; Roy Cordy, MD; and Presentation Medical Center,
>
> Defendants.
>
> Court File No.: 3:22-cv-00093-PDW-ARS
>
> **DESCRIPTION OF DOCUMENTS FILED CONVENTIONALLY**
>
> This document is a place holder for the following item(s) which is (are) filed in conventional or physical form with the Clerk's Office:
>
> USB drive containing exhibit videos:
>
> Ex. 20
>   Ex. 20A
>   Ex. 20B
> Ex. 24
>   Ex. 24A
> Ex. 25
>   Ex. 25A
> Ex. 27 - sealed
> Ex. 28- sealed
> Ex. 29- sealed
> Ex. 30- sealed
> Ex. 31- sealed
> Ex. 32- sealed
>   Ex. 32A
>   Ex. 32B

*See* Noel Decl. Ex. 3 (highlighting added).

    The upshot is this: it is a bold-faced lie for Mr. Bakke to claim the undersigned sneakily

4

filed the videos publicly. ***At no point in time were these videos publicly filed***. *See also* Noel Decl. ¶ 10. In fact, the foregoing shows the undersigned was *too* careful with the videos. "Before a party accuses another party or an officer of the court of violating a court order, that party must diligently do his homework." *Fredin v. Middlecamp*, No. 17-CV-3058, 2020 WL 3249291, at *3 (D. Minn. June 16, 2020). Mr. Bakke failed to do his homework, and his accusation salaciously impugns the undersigned's integrity. The Court should reject his arguments outright.[2]

## II. The faux "security" concerns were already rejected and are illusory

The Protective Order makes clear the County Defendants bear the burden to show the control-room videos should remain sealed. *See* Dkt. 32 § 7(c); *see also IDT Corp. v. eBay,* 709 F.3d 1220, 1223 (8th Cir. 2013) (recognizing a presumption of access to court filings). But in the meet-and-confer before the instant motion, security concerns were not mentioned. Noel Decl. ¶ 9. The only issue raised was "foundation" – "without knowing exactly what operations were performed [to uncover the control-room audio], and being so far unable to replicate them ourselves," the County Defendants would not agree to unsealing. *Id.*; Dkt. 124-1.

In their opposition, however, the County Defendants invoke N.D.C.C. § 44-04-24 to argue the videos must be sealed, an assertion the Court has already rejected. *See* Dkt. 90. And while they now claim the character of the videos has changed because of the recently uncovered

---

[2] Mr. Bakke also cites a recent media article to claim the author "obtained access to the videos [that] were uploaded…in violation of the protective order." Dkt. 130 at 7. This is also false; the author's description of the videos came from Plaintiff's redacted, publicly-filed summary-judgment brief. *See* Declaration of Tasha Carvell ¶¶ 5-7 (explaining she did not have access to or review any video); *see also* Dkt. 110 at 14 (describing in Plaintiff's redacted summary-judgment brief the "horror movie" that Mr. Bakke now claims could only have come from accessing the videos). That said, the local media's interest in the events giving rise to this civil-rights lawsuit highlights the importance of the videos being public. *Wood v. Breier*, 54 F.R.D. 7, 11 (E.D. Wis. 1972) ("it is of special import that suits brought under [§ 1983] be resolved by a determination of the truth rather than by a determination that the truth shall remain hidden").

audio, that does not move the needle. They argue that public access to the videos with audio "may allow a bad actor to infer where any blind spots in the [cameras] may be, and present other security risks," Dkt. 130 at 2, but they provide no specifics where or how such information might be found (or not found) on the videos or provide any other support for their argument. They do not cite any specific audio of concern. Their "vague and attenuated" assertions are the types of speculation courts have found insufficient, *see, e.g.*, *Thomas v. Reese*, No. 13-cv-597, 2016 WL 1029562, at *2-3 (W.D. Wis. Mar. 15, 2016) (rejecting this argument, as defendants "fail[ed] to provide specifics as to their concerns regarding how inmates may seek to 'take advantage' of" video), particularly in light of the public's presumptive right of access, *e.g.*, *Stoneman v. Brown*, No. 5:21-cv-147, 2022 WL 1446607, at *2 (S.D.W. Va. May 6, 2022) (denying motion to seal video of jail booking area in light of public right of access to court-filed documents). To hold otherwise would be to accept a *per se* rule that "security" always wins. *But see Piggie v. Cotton*, 344 F.3d 674, 679 (7th Cir. 2003) (noting jail video can raise security concerns but rejecting a "blanket policy of keeping confidential security camera videotapes for safety reasons").[3]

The County Defendants' so-called security concerns also appear to be pretextual, an effort to hide the video (with audio) and its revelation that, among other things, the Rolette County Sheriff himself obstructed the investigation into Lacey's death. *See* Dkt. 109 at 15-16.[4] Indeed, discovery in this case is replete with purportedly "sensitive" security information that a "bad actor" might use to his advantage – and yet, *the County didn't even bother to designate the*

---

[3] The opinion of the North Dakota Attorney General analyzing North Dakota's open-records law, *see* Dkt. 130 at 2-4, has no application here. *See Bolger v. Dist. of Columbia*, Civ. No. 03-0906, 2006 WL 8448339, at *4 n.6 (D.D.C. Aug. 3, 2006) (state law "does not control discoverability or *confidentiality* in federal civil-rights actions") (emphasis added).

[4] The claim that Plaintiff "did not describe Sheriff Gustafson's purported misconduct," Dtk. 130 at 5 n.2, is belied by her summary-judgment brief.

*documents as confidential under the Protective Order*. For example, they produced an Emergency Action Plan with a map of the entire Jail, showing the location of entrances and exits, fire extinguishers, mechanical panels, and water shut-offs. Noel Decl. Ex. 4. If security concerns were as grave as the County Defendants now assert, one would have expected them to designate these documents as confidential under the Protective Order, thereby preventing their disclosure. Dkt. 32 § 2(a). The same is true for maps of fire routes produced by Rolette County without a confidential designation. Noel Decl. Ex. 5. Similarly, the Jail's builder published promotional material showing the control room *and* its screens, along with photographs of housing units and cells. Noel Decl. Ex. 6. The control-room video in question here was recorded nearly five years ago, and of course, anyone recently housed at the Jail already knows its "staffing patterns" or where its cameras are located, Dkt. 130 at 4. Simply put, the vague security concerns cited by the County Defendants are overblown and do not warrant continued sealing.

Respectfully submitted,

Dated: March 4, 2025

**ROBINS KAPLAN LLP**

*s/Andrew J. Noel*
Andrew J. Noel (#322118)
Marc E. Betinsky (#0388414)
Julie C. Moroney (#0504300)
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone:   612.349.8500
ANoel@RobinsKaplan.com
MBetinsky@RobinsKaplan.com
JMoroney@RobinsKaplan.com
-and-
Timothy Q. Purdon (#05392)
1207 West Divide Avenue, Suite 200
Bismarck, ND 58503
TPurdon@robinskaplan.com
Telephone:   701.255.3000
*Attorneys for Plaintiff*