## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Jessica Allen, individually and on behalf of the Heirs at Law of Lacey Higdem, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:22-cv-93 |
| vs. | ) ) | **ORDER** |
| Myles Brunelle, in his individual capacity, April Azure, in her individual capacity, Rolette County, Roy Cordy, MD, and Presentation Medical Center, | ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff Jessica Allen, individually and on behalf of the heirs at law of Lacey Higdem (Allen), alleges defendants Myles Brunelle, April Azure, and Rolette County, North Dakota (collectively, County Defendants) are responsible for Higdem dying while she was in custody at the Rolette County Jail. Allen and the County Defendants dispute whether certain videos related to the County Defendants' motion for summary judgment should be sealed.[1] When preparing her response to the County Defendants' summary judgment motion, Allen discovered the disputed videos, which the County Defendants had produced during discovery in a video only format, included audio if played in a different format. (Doc. 111, p. 14). Allen requests those videos that include audio be publicly filed rather than filed under seal. The dispute arises in a procedurally unusual context.

---

[1] After the County Defendants moved for summary judgment, Allen filed a notice of acceptance of an offer of judgment under Federal Rule of Civil Procedure 68. (Doc. 138).

The County Defendants moved for summary judgment and filed a redacted memorandum in support of their motion, without first obtaining leave of court to do so. (See Doc. 76). The same day, the County Defendants moved for leave to file under seal an unredacted version of the memorandum, along with certain exhibits—including videos without audio—in support of their motion. (Doc. 78). The court permitted the County Defendants to file under seal the unredacted memorandum and some exhibits but deferred ruling on whether the video exhibits could be filed under seal because the County Defendants had not yet submitted the videos they proposed be filed under seal. (Doc. 82). After the County Defendants submitted those videos, which they asserted were exempt from public disclosure under North Dakota Century Code section 44-04-24 and the Health Insurance Portability and Accountability Act (HIPPA), the court determined neither section 44-04-24 nor HIPPA applied, denied the County Defendants' request to file three of the videos under seal, but granted their request as to two videos for privacy reasons and because those two videos depicted medical treatment. (Doc. 90).

Allen filed her response to the summary judgment motion under seal, without obtaining leave of court to do so, because she believed filing under seal was proper pursuant to this district's Administrative Policy Governing Electronic Filing and Service.[2] Because the court had not granted leave to file the response under seal, the Clerk restricted the response. (Doc. 98). Additionally, the Clerk restricted the affidavit

---

[2] Section XV(a) of the Administrative Policy Governing Electronic Filing and Service states, "If the court grants leave to file a sealed motion or sealed document, no additional leave is required for a responsive filing." The court recognizes that language is unclear because it does not address a grant of leave to file unredacted motions and documents under seal with redacted versions filed publicly.

and exhibits in support of the response as filed prematurely since a response had not yet been properly filed. (Doc. 99, Doc. 100). The restricted exhibits included placeholders for videos that, at the time, had not been submitted to the court.[3] (Doc. 99).

Allen then moved to for leave to file her unredacted response to the summary judgment motion under seal, with a redacted version filed publicly. (Doc. 107). After reviewing the proposed redactions, the court granted that motion. (Doc. 108). Allen did not, however, move for leave to file any exhibits in support of her response under seal. Instead, she submitted an affidavit stating certain videos—Exhibits 27 through 31, 33 through 37, 39, and 41 through 48—were to be filed under seal because the County Defendants had marked those videos as confidential.[4] The affidavit states another video—Exhibit 67—was to be filed under seal because the court had earlier granted the County Defendants' motion to seal that video. Allen states three videos— Exhibits 32, 38, and 40—were to be publicly filed because the court had earlier denied the County Defendants' motion to seal those videos. And the affidavit identified eleven other videos—Exhibits 20, 24, 25, 49 through 52, 62, and 68 through 70—without reference to either public filing or sealing. (Doc. 111).

The Clerk received Allen's video exhibits—on one external drive—after Allen filed the affidavit describing the videos.[5] Because Allen had not moved for leave to file any of

---

[3] Though Allen states she "uploaded" the videos when preparing her response, (Doc 123, p. 2), videos cannot be uploaded to the court's electronic docket.

[4] The affidavit is of one of the attorneys representing Allen. (Doc. 111).

[5] Allen submitted a total of thirty-four video exhibits and sixty-one clips from those video exhibits.

the videos under seal, the Clerk emailed Allen's counsel requesting clarification and stating the videos on the external drive would not be filed absent clarification.

Rather than moving for leave to file any video exhibits under seal, Allen moved "to unseal" twenty-two of the videos—Exhibits 27 through 48. (Doc. 122). The County Defendants contend the twenty-two videos should "remain sealed." (Doc. 130). To date, the court has not granted any motion to file the twenty-two videos under seal. The court therefore considers the parties' dispute to be whether the videos should be filed publicly or under seal rather than a question of whether they should be "unsealed" or "remain sealed."

## Law and Discussion

The Eighth Circuit has described standards for sealing exhibits filed with the court:

> Generally speaking, there is a common-law right of access to judicial records, but that right is not absolute. The primary rationales for this right are the public's confidence in, and the accountability of, the judiciary. Whether the common-law presumption can be overcome is determined by balancing "the interests served by the common-law right of access . . . against the salutary interests served by maintaining confidentiality of the information sought to be sealed." In order to adjudicate the issue, a court must first decide if the [exhibits] in question are "judicial records," and if so, must next consider whether the party seeking to prevent disclosure has overcome the common-law right of access that would otherwise apply to such records. The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so.

Flynt v. Lombardi, 885 F.3d 508, 511 (8th Cir. 2018) (citations omitted). "Where the public's interest in access to judicial records is strong, such as [exhibits] filed with dispositive motions, the presumption of access is difficult to overcome." Marden's Ark, Inc., v. UnitedHealth Grp., No. 19-cv-1653, 2021 WL 1846803, at *5 (D. Minn. Apr. 15, 2021).

Whether sealing an exhibit is proper is left to the sound discretion of the court. See Webster Groves Sch. Dist. v. Pulitzer Publ'g Co., 898 F.2d 1371, 1376 (8th Cir. 1990). And before granting a motion to seal, the court must consider less restrictive alternatives and must explain any decision to seal exhibits. See In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 574 (8th Cir. 1988).

Compelling reasons for denial of public access include personal and professional safety, protection of sensitive business information, personal privacy, and national security concerns. See Flynt, 885 F.3d at 511-12; IDT Corp. v. eBay, Inc., 709 F.3d 1220, 1224 (8th Cir. 2013); Webster Groves, 898 F.2d at 1377; CAA Sports LLC v. Dogra, No. 4:18-cv-01887-SNLJ, 2018 WL 6696622, at *1 (E.D. Mo. Dec. 20, 2018). "[E]ven where a party can show a compelling reason why certain [exhibits] or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." Shane Group, Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016) (citing Press-Enter. Co. v. Super. Ct. of Cal., 464 U.S. 501, 509-11 (1984)).

The twenty-two videos at issue depict the Rolette County Jail control and dispatch rooms. The court earlier denied the County Defendants' request to file three of the disputed videos under seal. The three videos the County Defendants filed as to which the court denied sealing did not include audio. The three videos Allen submitted include audio, though they include the same video as those for which the court denied sealing.

Allen contends the twenty-two videos should not be sealed because the court previously rejected the County Defendants' arguments when it determined neither North Dakota Century Code section 44-04-24 nor HIPPA applied and no security concerns warranted filing portions of the control room videos under seal. (Doc. 123,

p. 4). Allen also asserts a significant public interest in access to the twenty-two videos. Id. at 5-6.

The County Defendants argue, as they did earlier, the videos are exempt from public disclosure under section 44-04-24. They also assert security interests outweigh any public interest in access to the videos.[6] (Doc. 130, p. 2).

As the court previously stated, section 44-04-24 does not apply. Cf., e.g., Roque v. Harvel, No. 1:17-CV-932, LY-SH, 2019 WL 5265292, at *9 (W.D. Tex. Oct. 16, 2019) (stating the federal common law presumption of public access to judicial records outweighs state law policies protecting certain records, particularly in a civil rights action concerning the conduct of a police department and its officers); King v. Conde, 121 F.R.D. 180, 187 (E.D.N.Y. 1988) (noting "state law does not govern discoverability and confidentiality in federal civil rights actions"). Though section 44-04-24 does not apply, the court considers whether the County Defendants' security interests overcome the presumption of public access.

As noted, the court earlier denied the County Defendants' request to seal three of the videos at issue. The County Defendants state the character of those three videos "has fundamentally changed" because they "now have audio which reveals conversations alluding to . . . areas of the Jail" the control room cameras "allow correctional officers to [monitor], which may allow a bad actor to infer where any blind spots in the Jail's

---

[6] The County Defendants also allege Allen covertly uploaded the videos with audio to the court's docket in violation of the protective order and argue Allen should not be rewarded for that conduct. (Doc. 130, pp. 6-8). As explained in footnote 3, videos cannot be uploaded to the court's docket, and none are currently accessible from the docket. The court will not further address that argument.

camera security system may be, and [which may] present other security risks." (Doc. 130, p. 2). Without citing any specific video, the County Defendants further state

> the audio from the videos . . . contain discussions regarding when the officers in the control room were able to see [Higdem] and the other inmates in her cell block. The videos also reveal the layout of portions of the Jail which inmates are prohibited from accessing, as well as staffing patterns, including the process and actions taken by jail staff during shift changes. This information would be useful to an inmate who wishes to smuggle contraband into the jail or among other inmates, or harm other inmates or jail staff, as the videos help identify which areas in the Jail are surveilled and which are not.

Id. at 4.

It is difficult to assess the County Defendants' claims because they specifically identify no video or correctional officers' conversations to which they refer. It is unclear how any bad actor could infer where blind spots might be unless correctional officers spoke of all areas surveilled by cameras (and there are some areas inmates may access that are not surveilled). The County Defendants do not assert that information is shown on any of the videos. Further, the layout of the control room is already public pursuant to the court's earlier order denying the County Defendants' motion to seal three of the videos. And, as Allen notes, the County Defendants did not designate as confidential maps of the jail and public promotional material showing the control room, housing units, and cells. (See Doc. 135-4, pp. 13, 20, 28, 30; Doc. 135-5; Doc. 135-6, pp. 2-10) (maps and photographs of the jail).

The County Defendants have not shown how any of the videos, which are not time stamped, show staffing patterns that might somehow undermine jail security. The County Defendants do not specifically describe which "actions taken by jail staff" during shift changes might undermine security. Further, the videos depict events that occurred

in June 2020, and the County Defendants do not assert staffing patterns are the same now as they were then.

The County Defendants' non-specific assertions of security concerns are not sufficient to overcome the presumption of public access to the videos. Allen's motion is **GRANTED**. The Clerk is directed to publicly file all the video exhibits except Exhibit 67, which the court previously ordered sealed, Exhibit 25, which shall be sealed for privacy reasons, and Exhibit 69, which shall be sealed for privacy reasons and because it depicts medical treatment.

**IT IS SO ORDERED**.

Dated this 17th day of April, 2025.

/s/ Alice R. Senechal
Alice R. Senechal
United States Magistrate Judge